**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Angelina De Callier, | ) | No. CV 19-0319 TUC LAB |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | (Amended) |
| Case De Callier, | ) | |
| Defendant. | ) | |

Pending before the court is the plaintiff's motion, filed on October 22, 2019, to remand this case to state court. (Doc. 18)

The plaintiff in this action claims the defendant assaulted her and intentionally inflicted emotional distress. (Doc. 1-3, p. 1) The case was originally filed in Pima County Superior Court, but it was removed to this court by the plaintiff when the defendant filed for bankruptcy. (Doc. 18, p. 1) Apparently, the plaintiff was under the impression that she was required to remove the case or it might be waived. (Doc. 20, p. 2) The bankruptcy court recently terminated its automatic stay, and shortly thereafter, the plaintiff filed the pending motion to remand. (Doc. 18, p. 2)

The plaintiff argues that remand is appropriate because this court has no jurisdiction over her action. (Doc. 18) That is not entirely true. "The district courts . . . have original but not exclusive jurisdiction of all civil proceedings . . . related to cases under title 11." 28 U.S.C. § 1334(b) The plaintiff's action is "related to" the defendant's bankruptcy case because the outcome of her action could "alter the debtor's . . . liabilities" and impact "the

1 handling and administration of the bankrupt estate." *In re Marshall*, 600 F.3d 1037, 1055
2 (9th Cir. 2010), *aff'd sub nom. Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594 (2011). This
3 court, therefore, has jurisdiction over her action. That is why she was able to remove her
4 case to this court pursuant to 28 U.S.C. § 1452(a), which permits removal of any claim or
5 cause of action for which the district court has jurisdiction under § 1334.

Now, the plaintiff moves that this court remand her action to state court. (Doc. 18)
The court presumes she is acting pursuant to 28 U.S.C. § 1452(b), which states that this court
may remand a claim or cause of action previously removed pursuant to § 1452(a) "on any
equitable ground."

The court finds that this action should be remanded to state court in the interest of
comity. The case involves only state common law claims. Moreover, the case involves the
domestic relations of two citizens of Arizona. There is no federal legal interest here.

The defendant opposes remand. (Doc. 19) First, he argues that this court *does* have
jurisdiction over this action, contrary to the plaintiff's assertion, pursuant to 28 U.S.C. §
157(b)(5). The court agrees that there is jurisdiction over the plaintiff's action. (See above)
The court expresses no opinion as to whether this court has jurisdiction pursuant to §
157(b)(5). As the court explained above, however, the fact that this court has jurisdiction
does not preclude remand to state court.

The defendant further argues that remand is no longer possible because more than 30
days have elapsed since removal. (Doc. 19, p. 2) He argues that remand is only possible
now if the court lacks subject matter jurisdiction, which it does not, pursuant to 28 U.S.C.
§ 1447(c). (Doc. 19, p. 2) The plaintiff, however, is not seeking remand pursuant to §
1447(c). He is seeking remand pursuant to § 1452(b), and that statute has no deadline. *See
In re Hotel Mt. Lassen, Inc.*, 207 B.R. 935, 939 (Bankr. E.D. Cal. 1997) ("There being no
specified deadline, any motion to remand under § 1452(b) and Rule 9027(d) is timely.").

The defendant further argues that remand is not favored by judicial economy because
the state court can grant a judgment but it "cannot determine whether or not said claim is
dischargable in bankruptcy." (Doc. 19, pp. 2-3) That is true. But there is judicial economy

in permitting the state court to adjudicate state common law claims. Furthermore, this court presumes that the state court takes particular interest in adjudicating matters concerning the domestic relations of its citizens. The equities favor remand.

Finally, the defendant argues that this court should award him fees and costs pursuant to 28 U.S.C. § 1447(c) because "the removal and remand were both instigated by Plaintiff." (Doc. 19, p. 3) (emphasis in original) But as the court explained above, remand here proceeds under § 1452(c) not § 1447(c). Moreover, the court is not convinced that the plaintiff "instigated" the litigation in this court. It appears that removal occurred when the defendant persuaded the plaintiff that once the bankruptcy case was filed, she must remove her action or risk losing it. (Doc. 20, p. 1) The court expresses no opinion as to whether the defendant's advice was correct. *But see, In re Thomas*, 211 B.R. 838, 843 (Bankr. D.S.C. 1997). The court simply holds that the defendant should be equitably estopped from using the plaintiff's reliance on his advice as a sword to make her pay his fees and costs.

IT IS ORDERED that this action is remanded to the Pima County Superior Court. Each party shall pay his or her own fees and costs. The Clerk is instructed to close this case.

DATED this 12th day of December, 2019.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge